**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **MATTHEW ALWARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 5:26-00204** |
| | ) | |
| **ADAM MESSENGER, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

By Order entered on March 17, 2026, United States Magistrate Judge Dwane L. Tinsley construed "a series" of Motions and Notices "seeking injunctive or other relief related to alleged acts of retaliation by prison staff or otherwise concerning [Plaintiff's] conditions of confinement" as a means to open a new civil action under Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document No. 1.) After noting there was no Complaint that includes all of Plaintiff's claims, the undersigned ordered Plaintiff to file an Amended Complaint by April 17, 2026. (Document No. 12.) The undersigned further directed Plaintiff to either file Application to Proceed Without Prepayment of Fees and Costs or pay the filing and administrative fee totaling $405.00. (Id.)

On March 30, 2026, Plaintiff, acting *pro se* and incarcerated at FCI Beckley, filed his Application to Proceed Without Prepayment of Fees and Costs and Amended Complaint seeking entitlement to relief pursuant to Bivens (Document Nos. 23 and 24.) In his Amended Complaint,

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The undersigned specifically notified Plaintiff that his Amended Complaint would supersede any prior Complaints and Addendums, and there must be one integrated document that would provide the defendants with notice of the claims and allegations against them. (Document No. 12.)

Plaintiff names the following as Defendants: (1) Adam Messinger, Warden of FCI Beckley; (2) AM Cook Supervisor; (3) PM Cook Supervisor; (4) Frankie Bailey; (5) Inmate Fultz; (6) Inmate Bailey; (7) Inmate Singleton; (8) Inmate Richardson; and (9) Inmate Jameson. (Document No. 24, pp. 1 and 4.) Plaintiff concludes that Defendants Messinger, AM Cook Supervisor, PM Cook Supervisor, and Frankie Bailey violated his Eighth and Fourteenth Amendment rights by failing to protect Plaintiff from an assault by the inmate Defendants. (Id.) Plaintiff alleges that the Defendants Fultz, Bailey, Singleton, Richardson, and Jameson violated Plaintiff's Eighth and Fourteenth Amendment rights by attacking Plaintiff thereby subjecting Plaintiff to cruel and unusual punishment.[2] (Id.) In support, Plaintiff states as follows:

> On 2-3-26, about 12:30 p.m. in FCI Beckley bakery, I was viciously jumped by [Inmates] Fultz, Bailey, Singleton, and Jameson. The injuries I sustained were broken eye socket, upper and lower jaw where I was rushed to the trauma surgeon for complete facial reconstruction with plates and screws. This violated my 8th and 14th Amendment for cruel punishment and equal rights. Messinger is named for not having security cameras in bakery area, violating the 8th and 14th Amendments, Monell claim,[3] and failure to protect by not adhering to policy allowing the policy for inmates not to keep job for longer than 1 year. Frankie Bailey violated my rights by [failure to protect], failure to adhere to policy, and failure to supervise inmates. The AM and PM Cook Supervisors violated my 8th and 14th [rights], [failure to protect], and IIED for not supervising inmates and also by instigating [by] telling [Inmate] Fultz, "Alward is a better cook than you, watch out for your job, etc.," antagonizing [Inmate] Fultz to act out. The named inmates violated my 8th and 14th [rights] and IIED for actually assaulting me leading to serious injury for over 6

[2] Plaintiff acknowledges that Defendants Fultz, Bailey, Singleton, Richardson, and Jameson are inmates. A plaintiff asserting a claim under *Bivens* must show the violation of a valid constitutional right by a person acting under color of federal law. Based upon the foregoing, the undersigned finds that Plaintiff fails to state a *Bivens* claim against Inmates Fultz, Bailey, Singleton, Richardson, and Jameson. Clearly, Inmates Fultz, Jameson, Bailey, Singleton, and Richardson are not federal agents, who were acting under color of federal law.

[3] Plaintiff asserts no allegations against State actors or local governments or municipalities. Additionally, there is no allegation that any Defendant violated Plaintiff's constitutional rights by acting in concert or jointly with state actors, governments, or municipalities. *See Alward v. FCI Beckley Warden*, 2025 WL 4054801 (S.W.Va. 25, 2025)(finding Plaintiff failed to state a *Monell* claim where Plaintiff asserts no allegations against State actors or local governments or municipalities), *report and recommendation adopted*, 2026 WL 117429 (S.D.W.Va. Jan. 15, 2026), *aff'd*, 2026 WL 1818388 (4th Cir. June 24, 2026); *House v. National Park Service*, 2024 WL 3401049, * 5 - 6 (D.N.M. July 12, 2024)(finding plaintiff failed to state a *Monell* claim against federal actors where the complaint included "no factual allegations supporting a contention that [federal defendants] acted jointly or in concert with a state actor to violation Plaintiff's constitutional rights.") Accordingly, the undersigned finds that Plaintiff has failed to state a cognizable "Monell claim" against Defendants.

weeks, pain and suffering, having to eat liquid diet making me lose 40 [pounds].

(Id., pp. 4 – 5.) As relief, Plaintiff requests monetary damages.[4] (Id., p. 3.)

## STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. This screening is done prior to consideration of an Application to Proceed Without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

[4] Plaintiff asserts allegations nearly identical to those asserted in Case No. 5:26-123.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

**DISCUSSION**

The Prison Litigation Reform Act ("PLRA") contains a provision known as the "three-strikes rule." See 28 U.S.C. § 1915(g); Lomax v. Ortiz-Marquez, 590 U.S. 595, 140 S.Ct. 1721, 1723, 207 L.Ed.2d 132 (2020). The three-strikes rule restricts the right to proceed without payment of the filing fee for prisoners who repeatedly file meritless claims. Specifically, Section 1915(g) provides as follows:

> In no event shall a prisoner bring in a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); also see Harris v. City of New York, 607 F.3d 18, 21 – 22 (2nd Cir. 2010)(finding that Section 1915(g) applies even though plaintiff was subsequently released from prison because plaintiff was a prisoner at the time he "brought" the action). A prisoner accrues a strike for any action dismissed on one of the three grounds set forth in Section 1915(g), regardless of whether the dismissal is with or without prejudice. Lomax, 590 U.S. at 598-99, 140 S.Ct. at 1724-25. The entire action, meaning all claims, must be dismissed for one of the specified grounds in order to qualify as a "strike." Tolbert v. Stevenson, 635 F.3d 646, 651 (4th Cir. 2011). A routine dismissal based on a prisoner's failure to exhaust his administrative remedies does not qualify as a strike. Green v. Young, 454 F.3d 405, 410 (4th Cir. 2006).

In the instant case, there is no question that Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failing to state a viable claim under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). See Alward v. Rieck, 2025 WL 2023002 (E.D. Mich. July 18, 2025)(dismissal of a Section 1983 action for failure to state a claim upon which relief may be granted based on *Heck*);[5] Alward v. Rieck, 2025 WL 1342739 (W.D. Mich. May 8, 2025)(dismissal of Section 1983 action for failure to state a claim upon which relief may be granted based on *Heck*); Alward v. Noon, 2024 WL 4584030 (M.D.Penn. Oct. 25, 2024)(dismissal of *Bivens* action for failure to state a claim upon which relief may be granted); Alward v. FBOP, 2024 WL 4536454 (M.D.Penn. Oct. 21, 2024)(dismissal of *Bivens* action for failure to state a claim

[5] The Fourth Circuit has recognized that *Heck* dismissals count as strikes under the PLRA. *Brunson v. Stein*, 116 F.4th 301 (4th Cir. September 16, 2024).

upon which relief may be granted); Alward v. Greene, 2024 WL 4270367 (M.D.Penn. Sep. 23, 2024)(dismissal of *Bivens* action for failure to state a claim upon which relief may be granted); Alward v. Newell, 2024 WL 3849913 (N.D.Oh. Aug. 16, 2024)(dismissal of *Bivens* action for failure to state a claim upon which relief may be granted). Since Plaintiff is subject to the three-strikes rule, Plaintiff may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the above action.

"[T]he imminent danger 'must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred.'" Feather-Gorbey, 787 Fed.Appx. at 825(citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)); also see Meyers v. Commoner of Social Security Admin., 801 Fed.Appx. 90, 96 (4th Cir. 2020)(The imminent danger must be a danger that is "close at hand, not a past infraction" and "must have some nexus or relation to those of the underlying complaint.") The plaintiff "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson v. Warner, 200 Fed.Appx. 270, 272 (4th Cir. 2006). A plaintiff's allegations must show that the "conduct complained of threatens continuing or future injury," not just that plaintiff "deserves a remedy for past misconduct." Id. A review of Plaintiff's Amended Complaint pursuant to Section 1915(g) reveals that Plaintiff should not be granted *in forma pauperis* status because Plaintiff has not demonstrated an imminent danger of serious physical injury. Although Plaintiff alleges in his Amended Complaint that he was attacked by other inmates in the kitchen area at FCI Beckley, Plaintiff asserts that the foregoing occurred due to the BOP staff allowing the following: (1) A violation of

BOP policy concerning an inmate holding a job position as a cook for more than one year; and (2) The creation of a safety hazard caused by a lack of security cameras in the bakery area of the kitchen. (Document No. 13.) The Amended Complaint contains no allegations concerning an ongoing threat to Plaintiff's safety, nor does Plaintiff request injunctive relief. (Id.) Plaintiff acknowledges that upon learning of Plaintiff's injuries, BOP staff immediately transferred Plaintiff to an outside hospital for treatment.[6] (Id.) Although Plaintiff alleges in his Amended Complaint that he was attacked by inmates working in the kitchen area at FCI Beckley, allegations concerning this incident are based on a past infraction. There is no allegation or indication that Plaintiff was in danger of being attacked by the inmates named as Defendants, or any other inmate at FCI Beckley, at the time of the filing of his Amended Complaint. Furthermore, there is no allegation that Plaintiff is still required to work in the kitchen area that Plaintiff asserts is unsafe due to the lack of security cameras. Conclusory and speculative allegations simply do not demonstrate a serious physical injury, or a threat of serious physical injury. The undersigned, therefore, finds that Plaintiff's Amended Complaint contains no allegations of imminent danger of serious physical injury. See Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022)("[T]he exception is triggered only if the incarcerated person alleges sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury *at the time of the filing*.")(emphasis added). Based upon the foregoing, the undersigned finds that Plaintiff's *in forma pauperis* status should be denied because Plaintiff has failed to demonstrate that he was in imminent danger of serious physical injury at the time of filing.[7]

---

[6] In a separate action involving the same allegations, Plaintiff acknowledges that he was placed in segregation upon his release from the hospital and return to FCI Beckley. (Case No. 5:26-00123, Document No. 5.)

[7] Notwithstanding the foregoing, the undersigned further finds that Plaintiff has failed to state a cognizable claim. Plaintiff alleges that Defendants Messinger, AM Cook Supervisor, PM Cook Supervisor, and Bailey violated his Eighth and Fourteenth Amendment rights by acting with deliberate indifference concerning his safety. Initially, the

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 23), **DISMISS** Plaintiff's Amended Complaint (Document No. 24) without prejudice pursuant to 28 U.S.C. § 1915(g), and **REMOVE** this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States Chief District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B),

---

undersigned finds that Plaintiff has failed to state a plausible claim for relief pursuant to the Fourteenth Amendment. A pretrial detainee may bring a deliberate indifference claim under the Due Process Clause of the Fourteenth Amendment. *Short .v Hartman*, 87 F.4th 593, 611 (4th Cir. 2023)(citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015)). At the time of the alleged deliberate indifference caused by Defendants, Plaintiff was a post-conviction inmate – not a pretrial detainee. As a post-conviction inmate, Plaintiff must pursue his deliberate indifference claim under the Eighth Amendment – not the Fourteenth Amendment. *See City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). Accordingly, the undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted concerning his Fourteenth Amendment deliberate indifference claim.

Next, the undersigned will consider Plaintiff's deliberate indifference claim under the Eighth Amendment. Plaintiff alleges that Defendants Messinger, AM Cook Supervisor, PM Cook Supervisor, and Bailey violated the Eighth Amendment by failing to protect Plaintiff from an attack by other inmates. Such a claim, however, constitutes an improper extension of *Bivens*. *Bulger v. Hurwitz*, 62 F.4th 127, 138 (4th Cir. 2023)(finding plaintiff's claims of failure to intervene and failure to protect from prisoner-on-prisoner violence were claims "not authorized by *Carlson* but instead present a new context" and *Bivens* should not be extended to such a claim); *also see Fisher v. Hollingworth*, 115 F.4th 197, 206 (3rd Cir. 2024)(finding an inmate's Eighth Amendment failure-to-protect claim is a new context and *Bivens* should not be extended to such a claim); *Sargeant v. Barfield*, 87 F.4th 358, 364-69 (7th Cir. 2023)(same); *Chambers v. Herrera*, 78 F.4th 1100, 1105-07 (9th Cir. 2023)(same); *Compton v. Conner*, 2025 WL 679005 (S.D.W.Va. Feb. 7, 2025), *report and recommendation adopted*, 2025 WL 676057 (S.D.W.Va. March 3, 2025)(C.J. Volk)(same).

To the extent Plaintiff alleges that Defendants Messinger, AM Cook Supervisor, PM Cook Supervisor, and Bailey allowed the violation of BOP policy, such does not constitute a cognizable claim under *Bivens*. *See Bates v. Helman*, 175 F.3d 1019 (7th Cir. 1999)(the violation of a Program Statement does not rise to the level of a constitutional violation); *Myers v. Klevenhager*, 97 F.3d 91, 94 (5th Cir 1996)(failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a constitutional violation); *Arrick v. Federal Bureau of Prisons*, 2019 WL 8301052, * 20 (N.D.W.Va. Dec. 10, 2019)("To the extent that the Plaintiff is attempting to allege that the defendants did not adhere to a statute or administrative regulation, the undersigned notes that a *Bivens* action 'must be founded upon a violation of constitutional rights,' and 'a failure to adhere to administrative regulations does not equate to a constitutional violation.'")(citations omitted); *Woltz v. Carter*, 2012 WL 3879961, * 9 fn. 9 (S.D.W.Va. Aug. 8, 2012)("The *Accardi* doctrine is inapplicable in inmates' *Bivens* cases against Bureau of Prison employees.")

and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: August 10, 2026.

Omar J. Aboulhosn
United States Magistrate Judge